# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE RODRIGUEZ**<br>424 North Fulton Street<br>Allentown, PA 18102<br><br>Plaintiff,<br><br>v.<br><br>**YELLOW SUPPLY**<br>600 Brighton St #100,<br>Fountain Hill, PA 18015<br><br>And,<br><br>**THE TODD ARTHURS COMPANY INC.**<br>**D/B/A ALPINE HOME AIR PRODUCTS**<br>1901 N. Clybourn Avenue<br>Chicago, IL 60614<br><br>And,<br><br>**EXPRESS EMPLOYMENT PROFESSIONALS**<br>795 Roble Rd., Suite C<br>Allentown, PA 18109<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | JURY DEMANDED<br><br>No. 5:24-cv-00608-JFL |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Jose Rodriguez, (hereinafter "Plaintiff" or "Mr. Rodriguez") is an adult individual residing at the above address.

2. Defendant, Yellow Supply (hereinafter "Yellow Supply") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3. Defendant, the Todd Arthurs Company Inc., d/b/a Alpine Home Air Products, (hereinafter "TAC") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

4. Defendant, Express Employment Professionals, (hereinafter "Express") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

5. The Defendants Yellow Supply, TAC, and Express will hereinafter be referred to in the collective as the ("Defendants").

6. At all times material hereto, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of his employment with and for Defendant.

7. At all times material hereto, Defendants acted as joint employers of Plaintiff exercising interlocking control and supervision of him as an employee.

8. Mr. Rodriguez exhausted his administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibits A, B and C: true and correct copies of dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

9. This action is instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and applicable federal and state law.

10. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

11. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Mr. Rodriguez was working for Defendants in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

12. Mr. Rodriguez is a 51-year-old individual with a date of birth of October 8, 1972, and is therefore a member of a protected class.

13. On or about September 8, 2021, Defendants hired Ms. Jose Rodriguez as a temporary employee and he became a full-time employee for Defendants on December 27, 2021, beginning in January of 2022. During his employment, Mr. Rodriguez performed all duties asked of his without any complaints or issues. Mr. Rodriguez's last job prior to his termination was that of an Order Ticker.

14. On or around February 15, 2022, continuing through the remainder of his employment, Mr. Rodriguez's Supervisor, Mike Jablecki, discriminated against Mr. Rodriguez on the basis of his age. Mr. Jablecki made negative age-based and age-related discriminatory comments to Mr. Rodriguez, calling him an old guy, saying that he was too slow to work and that he was too old to perform his job duties.

15. Whenever Mike Jablecki was around Mr. Rodriguez, he would make these negative age-based and age-related discriminatory comments to Mr. Rodriguez. This upset Mr. Rodriguez to the point where he was crying and it really negatively impacted his self-esteem, confidence and mental well-being.

16. Mr. Rodriguez complained to Human Resource personnel John Curtain that Mr. Jablecki was making such negative age-based and age-related discriminatory comments to him.

17. Mr. Curtain times took no action to investigate Mr. Rodriguez's complaints because he told Mr. Rodriguez that he was too busy.

18. Mr. Rodriguez could not take the age discrimination anymore and he was constructively discharged on September 8, 2022.

19. Mr. Rodriguez received unemployment benefit after his constructive discharge.

20. As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## CAUSES OF ACTION

### COUNT I
### ADEA CLAIM - DISCRIMINATION
### (29 U.S.C. § 621 et seq.)
### (Against all Defendants)

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. At set forth above, Plaintiff's status as an individual over the age of forty (40) places him in a protected class.

23. Plaintiff's supervisor Mike Jablecki, made negative age-related comments to him during his employment.

24. As Plaintiff's supervisor, Defendant is vicariously liable for Mike Jablecki's harassment and discriminatory comments.

25. Defendant took adverse action against Plaintiff by forcing him to terminate his employment.

26. Plaintiff's membership in a protected class, age, was the sole factor in Defendant's decision to discriminate against, harass and force him to terminate his employment.

27. Upon information and belief, subsequent to his termination, Plaintiff's job duties were subsumed by a younger employee.

28. As set forth above, Defendant pressured the Plaintiff into resigning his employment through continual harassment is an adverse employment action on account of his age is an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

29. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

30. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

31. Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT II
### ADEA - RETALIATION
### 42 U.S.C.A. § 2000e-2(a)
### (Against all Defendants)

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff's supervisor Mike Jablecki, made negative age-related comments to him during his employment.

34. As Plaintiff's supervisor, Defendant is vicariously liable for Mike Jablecki's harassment and discriminatory comments.

35. Defendant took adverse action against Plaintiff by failing to investigate his complaints of age discrimination and thereby forcing him to terminate his employment.

36. As set forth above, Defendant pressured the Plaintiff into terminating his employment through failing to investigate his complaints of age discrimination and allowing him to suffer continual harassment which is an adverse employment action and an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

37. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

38. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

39. Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**CONSTRUCTIVE DISCHARGE**
**(Against all Defendants)**

40. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

41. Defendant Constructively Discharged Plaintiff from his employment when it failed to prevent, and therefore condoned, severe and pervasive and outrageous age-related harassment and a related hostile work environment.

42. Plaintiff's supervisor Mike Jablecki, made negative age-related comments to him during his employment.

43. Defendant knew or should have known of the harassment/hostile work environment and failed to prevent or cease the harassment/hostile work environment endured by Plaintiff.

44. The harassment/hostile work environment led to the constructive discharge of Plaintiff which is a materially adverse employment action.

45. As such, Defendants' actions are unlawful employment practices under the ADEA.

46. Plaintiff was subjected to harassment/hostile work environment by Defendants based on his age.

47. The discriminatory conduct was not welcomed by Plaintiff.

48. The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

49. The working conditions, as sanctioned by Defendant became so intolerable to Plaintiff that he was forced to resign his employment with Defendants.

50. Plaintiff did, in fact, resign his employment.

51. Plaintiff's forced resignation was a constructive discharge, and therefore, a materially adverse employment action.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as

emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

53. Pursuant to the ADEA, Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Jose Rodriguez, demands judgment in his favor and against all Defendants, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Jose Rodriguez*

Date: March 13, 2024